**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOHN KENNEY,

    Kenney,

v.

SGT. COLBERT,

    Defendant.

Case No. 3:20-CV-0366-MMD-CLB

**REPORT AND RECOMMENDATION BY U.S. MAGISTRATE JUDGE[1]**

Before the Court is Kenney John Kenney's ("Kenney") failure to identify Defendants Colbert and Jane Doe. For the reasons discussed below, the Court recommends this case be dismissed.

**I.   BACKGROUND**

    **A.   FACTUAL BACKGROUND**

Kenney is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). In June 2020, Kenney submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while he was incarcerated at the Northern Nevada Correctional Center. (ECF No. 1-1.) Specifically, Kenney alleged in his complaint that his hand and wrist were injured after they got stuck in a gate. Ultimately, Kenney was taken to medical to treat his injuries. When Kenney arrived at medical, he alleged that Nurse Jane Doe spoke to Kenney with an attitude, asking what he wanted. (*Id.*) She then grabbed Kenney aggressively, yanked him on the table, and examined his hand. (*Id.*) Jane Doe then told Kenney, "it looks fractured, but you're a big boy, now get out of my face." (*Id.*)

Kenney then called for a man-down, and Defendant Colbert told Kenney that if he called for a man-down, he would receive a write-up and be charged a medical expense.

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

(*Id.* at 5.) Kenney responded that he did not care and that the pain was terrible. (*Id.*) Defendant Colbert denied Kenney an emergency grievance saying that it was not an immediate problem. (*Id.*) Kenney said that his pain was getting worse, but Defendant Colbert responded that he had contacted medical, and Jane Doe refused to see Kenney. (*Id.*)

### B.  PROCEDURAL HISTORY

Kenney's complaint was properly screened pursuant to 28 U.S.C. § 1915A. (ECF No. 5.) The only claim that survived the screening order was Kenney's claim of deliberate indifference to a serious medical need against Defendants Colbert and "Jane Doe," whose identify was unknown to Kenney at the time he filed the complaint. (*Id.*)

The Office of the Attorney General ("AG") filed a notice advising that they were unable to identify Defendant Colbert, and as such, were not authorized to enter a limited notice of appearance in this matter for the purposes of early mediation. (ECF No. 8.)  To identify Defendant Colbert, the Court ordered the AG to contact ESP to determine if anyone with the last name "Colbert" (or any similarly spelled last name) worked at ESP[2] on January 26, 2019. (ECF No. 10). The AG was also ordered to outline what steps were undertaken to identify Defendant Colbert, such as reviewing the employee logs or any incident report for Kenney's "man down" incident on January 26, 2019. (*Id.*)

The AG filed a response stating that Associate Warden Hartman had reviewed the incident report and went through the Shift Logs from January 26, 2019 and was "unable to find any Officer or Sergeant that had a name even close to Colbert." (ECF No. 12.)

Kenney was then ordered to file a notice further identifying Defendant "Colbert" on or before Friday, May 28, 2021, or show cause why this this case should not be dismissed. (ECF No. 14.) Kenney did neither. Rather, he filed a document that contained the following two sentences: "My name is John Kenney. I am sending this evidence to help

---

[2]  The Court incorrectly named ESP in the order. (ECF No. 10.) In fact, the incident took place at NNCC, and Defendants corrected the error in their response to NNCC. (ECF No. 12.)

2

you further determine that my case is good." (ECF No. 15.) Attached to this paper is 37 pages of grievances he submitted to the Nevada Department of Corrections. (*Id.*)[3]

The Court issued a second order directing Kenney to file a notice by no later than June 16, 2021 identifying Defendant "Colbert" or show cause why this case should not be dismissed. (ECF No. 16.) This order was returned from Southern Desert Correctional Facility as "undeliverable" with a note to forward mail to Carlin Conservation Camp. (ECF No. 17.) The Court mailed a copy of ECF No. 16 to Kenney at Carlin Conservation Camp on June 15, 2021.

Kenney did not respond to the order. The Court noted that Kenney's address had changed twice throughout the pendency of this case. (ECF Nos. 7, 9, 11, 13, 16, 17 & 18). The Court made significant efforts to ensure that Kenney was receiving this Court's orders despite Kenney's failure to update his address information with the Court as required. (*See* ECF Nos. 16, 18.) The Court then gave Kenney a third and final opportunity to either identify Colbert or show cause chance to show cause why this case should not be dismissed by August 13, 2021. (ECF No. 18.)

Neither Kenney nor Defendant can further identify the lone named defendant – Colbert. As a result, Colbert cannot be served, and the case cannot proceed into discovery. Without any discovery, the Jane Doe defendant listed in the complaint also cannot be identified and the case cannot proceed against this unknown person.

## II. DISCUSSION

### A. DEFENDANT COLBERT

"The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . . (e) fails to comply with an order

---

[3] As the Seventh Circuit observed in the now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991). It is also not the Court's obligation to search through papers presented to it to determine who may be Defendants in a particular case. In fact, to do so would be improper.

3

of this court." LR IA 11-8.

Prior to dismissal for failure to follow local rules, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, neither Kenney nor Defendants can identify the sole Defendant explicitly named in this case – Colbert. Without proper identification, Defendants cannot accept service or provide a last known address for Colbert. The AG is not authorized to accept service even on a limited basis for the purposes of early mediation as it is unable to find any Officer or Sergeant with a name resembling Colbert. (ECF No. 12.) Further, without proper identification, Defendants cannot provide a last known address for Colbert to permit the U.S. Marshal to attempt service.

Moreover, Kenney has failed to respond in any way to the last two court orders sent to him. Neither the Court nor the AG are required to continue to try to resolve the case without Kenney's participation.

The Court finds that "the public's interest in expeditious resolution of litigation; the Court's need to manage its docket; the risk of prejudice to the Defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions" favor dismissal of this case as to Defendant Colbert. *Carey* at 1140.

**B.    DEFENDANT JANE DOE**

Generally, the use of "John Doe" to identify a Defendant is not favored. *Gillespie v. Civiletti,* 629 F.2d 637, (9th Cir. 1980); see *Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir.1968). In situations that arise where the identity of alleged Defendants will not be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown Defendants,

4

unless discovery would not uncover the identities, or the complaint would be dismissed on other grounds. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); see, *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S.Ct. 2380, 2390 n.13, 57 L.Ed.2d 253 (1978).

As stated above, neither Kenney nor Defendants can identify the sole named Defendant in this case – Colbert. While discovery might have revealed the identity of Jane Doe, no discovery can be taken in this case because Colbert cannot be identified and served. As a result, the Doe Defendant also cannot be identified and served. This litigation cannot proceed or be decided on the merits if neither Kenney nor the AG can identify either Colbert or the Doe Defendant. Thus, the Court recommends that the entire case be dismissed without prejudice.

### III. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends this case be dismissed, in its entirety, without prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

5

## IV. RECOMMENDATION

Therefore, based on the above, this Court recommends this case be **DISMISSED**, in its entirety, without prejudice.

**DATED**: August 18, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**