UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN KENNEY,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>GUERRO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00366-MMD-CLB<br><br>ORDER |

　　*Pro se* Plaintiff John Kenney brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 19), recommending the Court dismiss this action without prejudice. Kenney had until September 1, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the action without prejudice.

　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

///

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that the Court dismiss this action without prejudice because Kenney and the Office of the Attorney General ("Attorney General") are unable to identify the only remaining named Defendant (Defendant "Colbert") in the case. (ECF No. 19 at 3, 5.) LR IA 11-8 states that "[t]he court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . . (e) [f]ails to comply with an order of this court." After an extensive search, the Attorney General could not find any employee with the last name "Colbert." (ECF Nos. 8, 12.) In three separate orders, the Court provided Kenney with opportunities to identify Defendant "Colbert" or show cause as to why this case should not be dismissed. (ECF Nos. 14, 16, 18.) Kenney failed to comply with the Court's orders and has not responded to two of the orders, despite multiple warnings that his case might be dismissed. (*Id*.) As a result of Kenney's non-compliance, Defendant "Colbert" cannot be served and the case cannot advance to discovery, where Defendant Jane Doe in the complaint might be identified. (ECF No. 19 at 3, 5.) Thus, the Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 19) is accepted and adopted in full.

It is further ordered that this action is dismissed without prejudice based on Kenney's failure to identify Defendant "Colbert" or show cause as to why the case should not be dismissed, in compliance with this Court's May 11, June 2, and July 22, 2021 orders. (ECF Nos. 14, 16, 18.)

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE